# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:10 CR 66-6

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DERRICK EDWARD FORNEY. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on February 17, 2011. It appearing to the court at the call of this matter on for hearing the defendant was present with his attorney, Richard Eugene Beam, Jr. and the government was present and represented through Assistant United States Attorney Tom Kent. From the arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On October 5, 2010 a bill of indictment was issued charging the defendant with conspiracy to traffic in cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1)and 846. On February 17, 2011, the undersigned held and inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the defendant to that charge. At the end of the Rule 11 proceeding, this court presented the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

    (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears the defendant has now entered a plea of guilty on February 17, 2011 to conspiracy to violate 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned made an inquiry of Assistant United States Attorney Tom Kent as to whether or not there was going to be a recommendation that no sentence of imprisonment be imposed upon the defendant. Mr. Kent advised the court that such a recommendation could not be made in this matter. As a result of the plea of guilty the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted. It also appears that an attorney for the government will not recommend that no sentence of imprisonment be imposed upon defendant. It would thus appear, and the court is of the opinion that the court is

required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of the defendant.

## ORDER

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: February 22, 2011

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge